UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANU HERRERA, | Case No. 2:18-CV-55 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| BILLY WOOD, | |
| Defendant(s). | |

Presently before the court is plaintiff Janu Herrera's motion to remand to state court. (ECF No. 5). Defendant Billy Wood filed a response (ECF No. 11), to which plaintiff replied (ECF No. 15).

**I.   Facts**

On or around April 23, 2015, plaintiff was driving on US 95 in Las Vegas, Nevada. (ECF No. 1) At that time, defendant was driving behind plaintiff. *Id*. Plaintiff's complaint alleges that she slowed for traffic and defendant struck the rear of plaintiff's vehicle. *Id*. Plaintiff asserts that defendant failed to use due care, failed to maintain a safe distance, and failed to stop his vehicle, causing it to crash into the rear of plaintiff's vehicle. *Id*.

On January 27, 2016, plaintiff filed suit in the Eighth Judicial District Court, Clark County, Nevada against defendant. *Id*. Plaintiff's complaint alleges negligence, and specifically states that she sustained bodily trauma, which may be permanent and disabling in nature. *Id*. Plaintiff requests compensatory damages in an amount in excess of $10,000.00, and requested leave of the court to include all damages for medical expenses stemming from the accident not yet incurred. *Id*.

On May 24, 2016, defendant was served via the Nevada Department of Motor Vehicles. (ECF Nos. 5 & 11). On November 23, 2016, defendant filed a response to the complaint. *Id*.

On December 13, 2016, plaintiff filed a request for exemption from arbitration, asserting a "probable jury award in excess of $50,000.00, exclusive of interest of cost," and providing a computation of then-incurred damages of over $26,834. (ECF No. 11). On June 16, 2017, plaintiff filed her first supplemental disclosure of witnesses and production to documents pursuant to NRCP 16.1, demonstrating incurred damages for medical costs of $36,326, and lost wages of $2,400. *Id*. This document also stated that for settlement purposes only, her damages, including future medical expenses, future lost wages and earning capacity, are estimated to exceed $100,000. *Id*.

On December 12, 2017, plaintiff filed her second supplemental disclosure of witnesses and production to documents pursuant to NRCP 16.1, providing a computation of damages totaling $44,541. *Id*. This document provided that plaintiff requires a L5-S1 fusion in the future, and that the estimated cost of the surgery is $250,000.00. *Id*.

On January 10, 2018, defendant filed a petition for removal to United States District Court, District of Nevada. (ECF No. 1). On January 30, 2018, plaintiff filed a motion to remand to state court. (ECF No. 5).

**II. Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

For a United States district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003). A removing defendant has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

U.S. District Judge

- 2 -

Procedurally, a defendant has thirty (30) days upon notice of removability to remove a case to federal court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

**III. Discussion**

Plaintiff's motion for remand asserts that defendant's notice of removal was untimely and was filed for the purpose of obtaining new discovery deadlines so defendant would have additional time to retain and disclose an expert witness. (ECF No. 5).

Defendant asserts he timely filed within the thirty day window after receiving information of removability. (ECF No. 11). Defendant also asserts that plaintiff acted in bad faith by delaying notice that the amount in controversy exceeds $75,000 to prevent defendant from filing notice of removal within one year of commencement of the action as required under 28 USCS § 1446(c)(1). *Id*.

*(a) Timeliness and amount in controversy*

Plaintiff argues that defendant's notice of removal was untimely pursuant to 28 U.S.C. § 1446(b) because it was filed more than thirty days after service of the complaint. (ECF No. 5).

Specifically, plaintiff asserts that defendant was served with a copy of the complaint on May 24, 2016, and, from that day, had until June, 23, 2016, thirty days later, to petition for removal. *Id*. The notice of removal was not filed until January 10, 2018, over one year later. *Id*.

Defendant asserts that the complaint did not provide him with adequate notice of removability via an amount of controversy exceeding $75,000. (ECF No. 11). Defendant contends that he did not have notice of removability until December 12, 2017, and, therefore, was within the thirty day window when he filed his notice of removal on January 10, 2018. *Id*.

In this jurisdiction, a defendant is entitled to removal if it can demonstrate, by a preponderance of the evidence, that the amount in controversy requirement is met. *See Sanchez*, 102 F.3d at 403-04.

In *Perreault v. Wal-Mart Stores, Inc.*[1], with similar damages-related facts, this court found that plaintiff's damages were likely to exceed $75,000. No. 2:16-CV-809 JCM (VCF), 2016 U.S. Dist. LEXIS 115591, at *6-7 (D. Nev. Aug. 29, 2016). In *Perreault*, the plaintiff's complaint sought an amount in excess of $10,000.00, as well as special damages, reasonable attorney's fees, costs, and other appropriate relief. *Id*. The plaintiff provided an itemized list of her then-current medical costs, totaling $38,769.60 and noted that her medical bills were continuing to "trickle in." *Id*. This court found that, based on these facts "it appears likely that plaintiff's total requested damages exceed $75,000.00." *Id*. In other words, based on that set of facts, this court found that the defendant was correct, and had sufficient information, to conclude that plaintiff's damages would exceed $75,000. *Id*.

Here, plaintiff's complaint sought an amount in excess of $10,000, interest from the time of service of this complaint as allowed by NRS 17.130, cost of suit and attorney fees, and such other and further relief as the court may deem appropriate. (ECF No. 1). By June 16, 2017, according to defendant's own response, in plaintiff's disclosure of witnesses and production to documents pursuant to NRCP 16.1, defendant was provided information that showed the plaintiff

---

[1] The decision in *Perreault* was in response to a motion to remand based on a timely motion to remove. This court ultimately denied the plaintiff's motion to remand. The primary holding in *Perreault* does not necessarily have bearing on this instant case because, in *Perreault*, the plaintiff argued that her damages would not exceed $75,000, whereas here, plaintiff asserts that her complaint clearly stated her damages would exceed $75,000.

incurred medical expenses of $36,326[2] and wage losses of $2,400. (ECF No. 11). The total damages demonstrated to be incurred at that point equaling $38,726, almost the same as in *Perreault*. *Id.*; *Perreault*, 2016 U.S. Dist. LEXIS 115591, at *6-7. This document also stated that for settlement purposes only, plaintiff expected her damages to be at least $100,000 based on the already incurred damages of $38,726, in addition to future medical expenses, future lost wages and lost earning capacity, past and future loss of household services, and past and future physical and mental pain, suffering, anguish, and disability. (ECF No. 5). This document also provided that plaintiff would most likely need surgery. (ECF Nos. 5 & 11).

Defendant cites to *Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004), to assert that "[c]onclusory allegations do not overcome the presumption against removal jurisdiction or satisfy the defendant's burden of proving the amount in controversy." While defendant's assertion is true, the facts here are distinguishable from those in *Valdez*. First, *Valdez* provides that even if it is "not facially evident from the complaint that more than $75,000 [was] in controversy," a party may "[prove], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold." *Valdez*, at 1117 (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)). Further, it was because Allstate merely asserted that "upon information and belief" the amount in controversy exceeded $75,000.00. *Id.* Here, plaintiff's support for her damages, and for the amount in controversy ultimately exceeding $75,000, are not conclusory.

Based on these facts, and consistent with this court's determination in *Perreault*, by June 16, 2017, plaintiff provided defendant with sufficient documentation demonstrating the likelihood that plaintiff's total requested damages exceeded $75,000. Therefore, defendant's January 10, 2018, petition for removal to United States District Court, District of Nevada was outside the thirty-day window for removability provided under 28 U.S.C. § 1446(b)(2).

---

[2] Defendant's response demonstrates that he learned of the incurred damages of $36,326.00 and of the likelihood of plaintiff requiring a surgery, months earlier on January 26, 2017 in plaintiff's initial disclosures. (ECF No. 5).

James C. Mahan
U.S. District Judge

*(b) Bad faith under § 1446(c)(1)*

Defendant argues that § 1446(c)(1), which would otherwise render his motion for removal untimely, does not bar removal here because plaintiff acted in bad faith by purposefully delaying her surgery so as to defer incurring the surgery costs, thereby preventing defendant from removing the case within the one-year period. (ECF No. 11).

The relevant section provides that

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 [28 USCS § 1332] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 USCS § 1446(c)(1).

In addition to this court having found that defendant had notice of the amount in controversy exceeding $75,000 by June 16, 2017, the court finds defendant's argument that plaintiff delayed her surgery for the purpose of preventing defendant from removing the case within the one-year period to be unconvincing. There are a potentially endless number of reasons for which plaintiff could have delayed surgery that do not constitute bad faith, so merely asserting that a lack of a supplied reason establishes bad faith conduct is not convincing.

Defendant has failed to demonstrate that plaintiff acted in bad faith to delay his ability to remove the case to federal court within the one-year period.

## IV. Conclusion

Because the court has decided the motion based on the foregoing, it declines to address plaintiff's allegations that defendant petitioned for removal to gain additional time to retain and disclose an expert witness. (ECF No. 5).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand to state court (ECF No. 5) be, and the same hereby is, GRANTED.

DATED March 22, 2018.

_____
UNITED STATES DISTRICT JUDGE